FILED 10 FEB 03 1540 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID E. ISRINGHAUSEN,

                Petitioner,          Civil No. 07-1261-TC

                v.                    FINDINGS AND
                                    RECOMMENDATION

MARK NOOTH,

                Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to the Second Amended Sentencing and Judgment Order, dated August 15, 1994, from Marion County Circuit Court Case No. 94C20568, after convictions for Kidnapping in the First Degree (four counts), Kidnapping in the First Degree with a Firearm (five counts) Menacing (three counts), Assault in the Fourth Degree (three counts) and Unlawful Use of a Weapon (one count). Exhibit 101. Following a jury trial, the court sentenced petitioner to a total of 688

1 - FINDINGS AND RECOMMENDATION

months of imprisonment and thirty six months of post-prison supervision.  Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Exhibits 103 - 107.

Petitioner filed an amended petition for post-conviction relief in Isringhausen v. Baldwin, Umatilla County Circuit Court Case No CV97-1080.   The post-conviction court (1) remanded the case to the trial court for the purpose of modifying petitioner's sentence by deleting from it any reference to ORS 137.635 ("Denny Smith" law); and (2) denied relief on all remaining claims.  Exhibits 144 - 158.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Exhibits 160 - 164.

Petitioner filed a petition under 28 U.S.C. § 2254 (#2) alleging nine grounds for relief with numerous sub-parts. Respondent moved to deny relief on all of petitioner's claims except Grounds One, Two and Nine on the ground that petitioner failed to exhaust state remedies as to those claims. Response (#33).   Petitioner filed a lengthy Memorandum that argues solely the claims alleged in Ground Nine, sub-parts G, I, J and R.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"  Exhaustion occurs when a petitioner has given the

state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. t 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure to present the constitutional issue in the state courts. Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

A review of the record indicates that petitioner did not exhaust state remedies with respect to Grounds Three - Eight, and except as noted below, Ground Nine. Petitioner has not established any cause and prejudice for his procedural default and therefore, relief on those claims should be denied. See, 28 U.S.C. § 2254(b)(1); Sullivan v. Boerckel, 526 U.S. 838 (1999); Edwards v. Carpenter, 529 U.S. 446 (2000).

Respondent apparently concedes that petitioner exhausted

3 - FINDINGS AND RECOMMENDATION

state remedies as to Grounds One, Two and Nine (G, I, J and R). However, petitioner's brief only presents argument in support of the ineffective assistance of counsel claims alleged in Ground Nine (G. I, J and R). Therefore, the claims alleged and argued in petitioner's Memorandum in Support are the only claims that will be addressed in this Findings and Recommendation. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), cert. denied 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief].[1]

Petitioner alleges as Ground Nine that he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments as follows:

> (G) Failed to present evidence and facts important to Petitioner's case, including but not limited to records, which would have shown that the alleged victim was mentally incompetent resulting from her organic brain disorder as well as her long term addiction to heroin;
>
> ****
>
> (I) Failed to hire and consult with an expert in the area of neurology and drug addiction to testify as to the victim's incompetency;
>
> (J) Failed to move to disqualify the testimony of

---

[1] However, I find that the state court decisions denying relief on the issues presented in Grounds One and Two are entitled to deference under 28 U.S.C. § 2254(d) and that petitioner has failed to establish entitlement to habeas corpus relief on those claims.

the State's expert witness when the witness was not
a qualified expert in the area of psychology nor in
the area of Battered Women Syndrome.

  ****

(R) Failed to properly object to the State v. Brown
Omnibus Hearing, as the prosecutor did not
establish the proper foundation required to get the
Battered Women Syndrome testimony before the jury.

Petition (#2) p. 12.

  Petitioner's federal habeas petition was filed after
April 24, 1996, and is therefore governed by the Antiterrorism
and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.
Woodford v. Garceau, 538 U.S. 202, 210 (2003). Under AEDPA,
habeas relief may be granted only when a state court's
decision was "contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined
by the Supreme Court of the United States" or "was based on an
unreasonable determination of the facts in light of the
evidence presented at the state court proceedings." 28 U.S.C.
§ 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

  A state court's decision is "'contrary to' federal law if
it fails to apply the correct controlling Supreme Court
authority or comes to a different conclusion ... [from] a case
involving materially indistinguishable facts." Pirtle v.
Morgan, 313 F.3d 1160, 1167 (9 th Cir. 2002) (citing Bell v.
Cone, 535 U.S. 685, 694). The Supreme Court has held that "a
federal habeas court making the 'unreasonable application'
inquiry should ask whether the state court's application of

5 - FINDINGS AND RECOMMENDATION

clearly established federal law was objectively unreasonable."

<u>Williams v. Taylor</u>, 529 U.S. 362, 409 (2000).

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687.

The first prong of the <u>Strickland</u> test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>, <u>supra</u> at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." <u>Id</u>.

When considering ineffective assistance of counsel claims

6 - FINDINGS AND RECOMMENDATION

under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

Petitioner's claim that his attorney was deficient for failing to present evidence of the victim's mental health relating to organic brain injury and drug addiction is controverted by the record which reflects that petitioner's trial counsel tried to have the victim, Linda Fuller, psychologically evaluated and records pertaining to her drug treatment disclosed.  Exhibit 133, Request for Discovery. Counsel also sought a competency hearing to determine whether Linda Fuller was competent under OEC 601.  Exhibit 134, Motion to Conduct Competency Hearing and Order. The trial court denied those requests Id.; see also, Transcript Designation Part A, Omnibus Hearing Transcript p. 6; Exhibit 144, Letter Opinion, at p. 13. Thus, petitioner's claim that counsel was deficient for failing to introduce evidence of the victims mental health and drug use fails as a factual matter.

Moreover, petitioner's argument that the victim's alleged mental and drug related issues caused her to "hallucinate" the kidnappings is not credible or persuasive. Numerous witnesses corroborated Linda Fuller's testimony regarding the assaults and kidnappings. See, Exhibit 134, Letter Opinion, p. 4; Exhibit 104, Respondent's Brief at p. 9-13; and, Trial Transcript at p. 385-395.

7 - FINDINGS AND RECOMMENDATION

I find that evidence or argument that the victim's accounts of the assaults and kidnapping were the result of "narcoleptic hallucinations" or drug induced "Drop Attacks," would not have created a reasonable probability that the result of the proceeding would have been different. Therefore, petitioner has failed to establish the prejudice prong of *Strickland*.

Petitioner's attorney presented an affidavit at the post conviction hearing stating that as a result of trial preparation and conversations with the victim's family, he concluded that if evidence was offered regarding Fuller's "organic brain injury," the defense could expect rebuttal evidence which would have resulted in the jury concluding that "the defense was grasping at straws." Exhibit 132, Affidavit of D. Michael Hatch, at p. 1-2. Therefore, counsels decision not to pursue the issue was reasonable and "sound trial strategy." Bell v. Cone, 535 U.S. 685, 695 (2002).

Petitioner has failed to establish his trial counsel was constitutionally deficient for failing to present expert witness testimony regarding the victim's competency because the record reflects that counsel attempted to adduce such evidence and that the trial court did not allow it. Moreover counsel's decision not to pursue the victim's alleged "organic brain injury" was a strategic trial decision entitled to deference under *Strickland*.

In his Ninth Ground for Relief (J and R), petitioner

8 - FINDINGS AND RECOMMENDATION

alleges that he was denied adequate assistance of counsel when his attorney failed to move to disqualify the testimony of the State's expert witness, Kimberly Shay, on the ground that she was not a qualified expert in the area of psychology, nor in the area of Battered Women Syndrome (BWS). Petitioner further alleges that the prosecution did not establish the proper foundation to present the Battered Women Syndrome testimony to the jury.

Petitioner raised the failure to object to expert testimony for lack of proper foundation claim, based on Ogden v. State, 168 Or App 249 (2002), on appeal of the post-conviction court decision denying relief. Exhibit 160, Appellant's Brief PCR Appeal at 41.

However, as noted in Respondent's brief, although it was republished prior to petitioner's post-conviction trial, petitioner did not argue the Ogden decision to the PCR trail court. See, Exhibit 161, Respondent's PCR Appeal Brief at 4. Therefore, petitioner's argument that his trial attorney was inadequate for failing to object to the BWS testimony because the victim had not been diagnosed with the syndrome (ie, the Ogden decision) was un-preserved and not properly before the court on appeal.

To the extent that expert qualifications and proper foundation issues were before the court, the court of appeals made the following factual findings:

> The most important evidence that could have been
> submitted, would have been evidence to counter

9 - FINDINGS AND RECOMMENDATION

Shay's as the State's expert witness in BWS.  The
court, however, effectively denied defense counsel
from obtaining an expert witness to counter the
testimony and potentially examine the
complainant/victim.  Moreover, upon a motion for
reconsideration (TR @449) defense counsel again
tried to exclude the Shay testimony and was denied.
Defense counsel made no error as the court denied
the attempt.

****

Petitioner's best defense was a counter to the BWS
evidence and the trial court did not allow such
evidence.

Exhibit 144, Memorandum Opinion, at 23 and 25.

This finding is entitled to deference under 28 U.S.C. §
2254(d) and 2254(e)(1) because petitioner has not presented
any clear and convincing evidence to the contrary and because
it does not contravene the *Strickland* standard.

In addition, I find that the Court of Appeals finding is
supported by the record that indicates that counsel presented
the best argument available to him at the time of trial. which
predated Ogden, and was subject to the rulings of the trial
court denying his objections and motion to exclude testimony.

In Petitioner's Brief (#57) petitioner argues that
counsel should have done more to counter the prosecutions's
expert.  However, the post-conviction court noted that counsel
attempted to both preclude the expert's testimony, as well as
counter with an expert of their own.  The trial court denied
those requests. Exhibit 114, Letter Opinion, at 8-9 and 15;
Transcript Designation Part A (#31) Omnibus Hearing Transcript
at 6-7, 48.  Counsel cannot be held to have been

10 - FINDINGS AND RECOMMENDATION

constitutionally deficient for failing to  to do what the court prohibited him from doing.

Based on all of the foregoing, I find that Petitioner has failed to establish entitlement to habeas corpus relief. Petitioner's Petition (#2) should be denied.  This proceding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## CERTIFICATE OF APPEALABILITY

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28*

11 - FINDINGS AND RECOMMENDATION

*U.S.C. § 2253(c)(2).*

DATED this __3__ day of ~~January~~ Feb, 2010.

_____
Thomas M. Coffin
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION